23-339-cv
Ngono v. Owono

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
>
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

———————————————————————

Andre Marie Ngono,

> *Plaintiff-Appellant,*

> v.

Luc Owono, Luckendy Realty, Travsail Agency, Inc., Access Transportation Services, Inc., Sable Hub, Inc,

23-339

*Defendants-Appellees,*

**Kamara Youssouf, Africa Employment Agency,**

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:                          Andre Marie Ngono,
                                                  pro se, Jamaica, NY.

FOR DEFENDANTS-APPELLEES:                         Joseph Carbonaro,
                                                  Carbonaro Law, PC
                                                  New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*; Sarah Netburn, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Because we write primarily for the parties, we assume familiarity with the facts, issues, and procedural history, and recite only what is necessary to explain our decision. In 2021, plaintiff Andre Ngono, proceeding pro se and in forma

2

pauperis, sued a variety of defendants for alleged human trafficking and forced labor. Ngono twice amended his complaint. Adopting a magistrate judge's report and recommendation in part, the district court dismissed Ngono's federal claims, declined supplemental jurisdiction over his state law claims, and denied further leave to amend. *See Ngono v. Owono*, No. 21-CV-00095 (PGG)(SN), 2022 WL 18959568 (S.D.N.Y. Aug. 22, 2022), *report and recommendation adopted in part*, 2023 WL 2207587 (S.D.N.Y. Feb. 24, 2023).

On appeal, Ngono challenges the dismissal of only a single claim against a single defendant: a Trafficking Victims Protection Act ("TVPA") claim against defendant-appellant Luc Owono, whom Ngono alleges was involved in the trafficking operation. The validity and timeliness of Ngono's trafficking claim against Owono depends on whether a 2011 incident, in which Owono asked Ngono to attend college under Owono's identity so that Owono would benefit financially by obtaining federal financial aid, states a valid claim under the TVPA.

Our review of an order granting a motion to dismiss is de novo. *Menaker v. Hofstra Univ.*, 935 F.3d 20, 29 (2d Cir. 2019). We accept as true all well-pleaded

3

facts in the operative complaint and draw all reasonable inferences in Ngono's favor. *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam).[1] Because Ngono has been pro se throughout this case, we construe his submissions liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam).

The TVPA grants a private right of action to victims of trafficking and forced labor. *See Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 92–93 (2d Cir. 2019); 18 U.S.C. §§ 1589(a), 1590(a), 1595(a). A plaintiff asserting a forced-labor claim under § 1589 may proceed under several alternative theories, consisting of (1) force, threats of force, physical restraint, or threats of physical restraint; (2) serious harm or threats of serious harm; (3) abuse or threatened abuse of law or legal process;

---

[1] Although we apply the usual standard of review in this case, we observe that plaintiff Ngono was convicted by a jury of using defendant Owono's identity to "enroll in college and obtain federal student financial aid, unemployment insurance benefits, and immigration benefits under the Deferred Action for Childhood Arrivals program," a conviction we affirmed on appeal. *United States v. Ngono*, 801 F. App'x 19, 20–21 (2d Cir. 2020). Although the defense raised the preclusive effect of this judgment below, the district court ultimately did not resolve the case on that ground, and Owono does not press it again on appeal. Because we conclude that the claim fails on the merits, we need not reach preclusion.

or (4) any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint. 18 U.S.C. § 1589(a)(1)–(4). "[I]f a defendant violates section 1589, he also violates section 1590," which reaches recruiting a person in violation of the TVPA, if he "recruited the person to perform forced labor." *Adia*, 933 F.3d at 94.

With respect to the alleged student loan fraud scheme, Ngono did not allege specific threats from Owono that would satisfy § 1589 or a separate act of recruitment under § 1590(a). He alleged that Owono enrolled him in school and used his student loan money to pay off his own debt, but did not suggest that this element of the scheme was accompanied by threats or abuse. Rather, as the district court reasoned, Ngono alleged broadly that Owono threatened him between 2006 and 2021. *But see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating a plausible claim "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

In his brief, Ngono argues that the district court failed to assess his claim in

5

the context of his broader complaint, which alleged that Owono used fraud, deceit, and threats to extract value from Ngono through labor. He also contends that he was unaware of student loans, which do not exist in his country of origin. But even if that were true, Ngono appears to concede that the broader claim of human trafficking depends on the student-loan aspect of the scheme standing alone as an independent offense, without which his 2006 claims would not be timely under the TVPA's ten-year statute of limitations. *See* 18 U.S.C. § 1595(c)(1). Because he failed to allege facts suggesting the commission of acts prohibited under § 1589(a) or § 1590, his 2011 claim cannot stand alone.

Accordingly, we agree with the district court that Ngono failed to state a TVPA claim. We do not reach Ngono's argument regarding further amendment because he failed to object to that portion of the magistrate judge's report and recommendation, despite being warned of the consequences of failing to do so. *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). And because the district court dismissed all

6

federal claims, the court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state law claims. *See Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 123 (2d Cir. 2023).

Ngono's remaining arguments are unavailing or without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7